United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACALYN A YOUNG, et al.,

          Plaintiffs,

     v.

RONALD J SCHULTZ,

          Defendant.

Case No.  22-cv-05203-TSH

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 7

Plaintiffs Jacalyn Young and Diane Lynn bring this case against Defendant Ronald Schultz for blackmail (18 U.S.C. § 873), mailing threatening communications (18 U.S.C. § 876(d)), and stalking (18 U.S.C. § 2261A).  Pending before the Court is Schultz's Motion to Dismiss.[1]  ECF No. 7.  Plaintiffs filed an Opposition (ECF No. 12) and Schultz filed a Reply (ECF No. 14).[2]  The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 8, 2022 hearing.  *See* Civ. L.R. 7-1(b).

Without considering the parties' arguments regarding the sufficiency of Plaintiffs' claims, the Court notes their claims are all brought under criminal statutes.  It is well-established that "private individuals lack standing to assert claims for relief based on criminal statutes."  *Redmond v. United States*, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (listing cases); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242.  These criminal provisions, however, provide no basis for civil liability.").  Thus, "[i]ndividuals cannot file criminal charges in the United States District Court.  Rather, criminal

---

[1] Schultz's motion is somewhat confusing as the notice states it is based on Rule 2(b)(6), but there is no such rule.  Schultz later refers to a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, but he does not analyze this procedure, instead focusing on whether Plaintiffs state plausible claims.  Given Schultz's pro se status and the content of his motion, the Court will assume he meant to bring a motion to dismiss pursuant to Rule 12(b)(6).  Regardless, as discussed herein, the Court lacks jurisdiction over Plaintiffs' claims.

[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 10.

proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). As such, Plaintiffs lack standing to bring the claims alleged in their complaint. *See Aldabe*, 616 F.2d at 1092; *Bendorf v. Ojai Basin Groundwater Mgmt. Agency*, 2012 WL 3867352, at *12 (C.D. Cal. July 16, 2012), *report and recommendation adopted*, 2012 WL 3929891 (C.D. Cal. Sept. 4, 2012) (no private right of action under 18 U.S.C. § 876); *Kruska v. Perverted Just. Found. Incorporated.Org*, 2010 WL 4791666, at *8 (D. Ariz. Nov. 18, 2010) ("Because there is not a private right of action or recovery under 18 U.S.C. § 2261A(2), Plaintiff's claim under this statute is dismissed with prejudice."). Accordingly, their claims under 18 U.S.C. §§ 873, 876(d), and 2261A must be dismissed.[3]

Although leave to amend their claims based on criminal statutes is denied, the Court shall grant Plaintiffs leave to file an amended complaint if they believe there are any claims under which they can bring a private cause of action. As there is no dispute that all parties are residents of California, any amended complaint must allege at least one plausible claim that is based on the Court's federal question jurisdiction. If Plaintiffs choose to do so, they may file an amended complaint by December 2, 2022. If Plaintiffs do not file an amended complaint, the case shall be dismissed, with judgment entered accordingly. Alternatively, Plaintiffs may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

**IT IS SO ORDERED.**

Dated: November 18, 2022

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

---

[3] As the Court did not consider the documents Plaintiffs requested, their request for judicial notice (ECF No. 13) is denied as moot.